## Abstract of the Decision.

1. CONTRACTS, § 384*—*when evidence sufficient to show agreement for rescission.* In an action on a contract whereby plaintiff purchased certain jewelry from defendant, on an alleged agreement whereby plaintiff might rescind within a year and receive back the purchase price less ten per cent., evidence *held* sufficient to sustain a judgment for plaintiff.

2. CONTRACTS, § 298*—*when tender of performance not necessary.* Where a party to a contract refuses to make performance thereof, formal tender of such performance by the other party is unnecessary.

3. MOTIONS, § 9*—*when order impounding property in suit sufficient.* In an action on a contract whereby plaintiff purchased of defendant certain earrings, giving in payment certain other earrings, with a condition that plaintiff might rescind and receive back the purchase price under certain conditions, and where the court had ordered the earrings impounded, *held* that failure of the court to provide in such order that such earrings be delivered to defendant on satisfaction of the judgment for plaintiff was not erroneous, for the reason that such an order was not essential to the court's power to release the goods in its custody on affirmance of its judgment.

---

Margaret Casey, Defendant in Error, v. Ladies Catholic Benevolent Association, Plaintiff in Error.

Gen. No. 20,503.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Margaret Casey, plaintiff, against the Ladies Catholic Benevolent Association, defendant, in the Municipal Court of Chicago, to recover on a benefit certificate wherein plaintiff was designated as beneficiary. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Casey v. Ladies Catholic Benev. Ass'n, 195 Ill. App. 2.

Ryan & Condon, for plaintiff in error; Irvin I. Livingston, of counsel.

Jonas & Hess, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 826*—*when evidence sufficient to show waiver of by-law provision as to change of beneficiary.* In an action to recover on a benefit certificate issued by defendant to one Annie Mahon wherein plaintiff was named as beneficiary, where it appeared that defendant subsequently, at the request of insured, issued a new certificate wherein plaintiff was not named as beneficiary, and where it appeared that said Mahon's application for such change was not in conformity with defendant's by-laws, which required such application to be personally signed, the signature of said Mahon to such application being made in her presence by another by her direction, a peremptory instruction for plaintiff *held* error, where there was evidence of a waiver by defendant of the provisions of its by-laws.

2. Insurance, § 885*—*when evidence admissible as to change of beneficiary.* In an action by a beneficiary to recover on a benefit certificate wherein plaintiff was named as beneficiary, where defendant offered in evidence an application by the insured named in such certificate requesting the designation of the beneficiaries and to designate others than plaintiff, which application was signed for insured by another person, in her presence and by her direction, *held* error to exclude such evidence, although defendant's by-laws required such application to be signed by insured personally, for the reason that the fact that defendant complied with the request of insured, and, on surrender of the old certificate, issued a new one wherein others than plaintiff were designated as beneficiaries, tended to show a waiver by defendant of the provisions of its by-laws relating to the matter of signature of such application, and that the contract under which plaintiff claimed had been superseded by another, authorized by insured and consented to by defendant.

3. Insurance, § 826*—*when provision as to change of·beneficiary may be waived.* Provisions of the by-laws of a fraternal beneficiary association prescribing that applications for a change of the designation of beneficiary must be signed by insured personally may be waived by such association, and, if so waived, it becomes immaterial

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

whether such by-laws were complied with or not, so far as the rights of beneficiaries are affected, as such provisions are for the benefit of the association and not of the beneficiary.

## Arie de Vries, Appellant, v. Eva de Vries, Appellee. Gen. No. 20,648.

1. MARRIAGE, § 1*—*how distinguished from agreement to marry.* Although marriage is a civil contract and, as such, requires mutual assent of the parties thereto, yet there is a distinction between the contract itself and a mere agreement to marry, so that it is immaterial what the previous agreement was in a case where parties entered into a legal marriage which included the two essential elements of a marriage, *i. e.,* capacity and consent.

2. CONTRACTS, § 142*—*when antenuptial agreement not to cohabit after marriage void.* An agreement between parties to a marriage, made prior to the marriage, that no cohabitation should follow the marriage is void as against public policy, and either party may repudiate it after the marriage.

3. MARRIAGE, § 29*—*when refusal to cohabit does not avoid.* A refusal to cohabit does not render a marriage void, although such refusal may furnish grounds for its dissolution.

Appeal from the Superior Court of Cook County; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

HOLMES, MIX & CORKELL and OSCAR W. OLSON, for appellant; THOMAS J. HOLMES, of counsel.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action to annul a marriage on the ground of want of assent thereto or intention to marry. There was no defense. On the contrary, defendant, as a witness, corroborated complainant's testimony to the effect that they first met on a steamer coming from Holland to New York; that she was under contract

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.